IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAMAR HILL, | ) |
| | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) For Violations of the Fair Labor |
| GEORGIA OIL, LLC, FAIYAZ | ) Standards Act of 1938, As Amended |
| MITHA, and BP AMERICA, INC., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Lamar Hill (hereinafter "Plaintiff" or "Hill"), by and through his undersigned counsel, and files this Complaint against the Defendants Georgia Oil, LLC ("Georgia Oil"), Faiyaz Mitha ("Mitha"), and BP America Inc., ("BP") (collectively referred to as "Defendants") pursuant the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended (hereinafter "the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendants' violations of the overtime provisions of the FLSA by Defendants which have deprived the named Plaintiff of his lawful overtime wages.

2. This action is brought to recover unpaid overtime compensation owed to the Plaintiff pursuant to the FLSA. During the applicable statute of limitations, the Plaintiff was working for Defendants as a cashier.

3. During the applicable statute of limitations prior to the filing of this Complaint, Defendants have committed violations of the FLSA by failing to compensate Plaintiff at an overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks reimbursement of unpaid overtime compensation for work performed and an equal amount of liquidated damages to compensate him for the delay in payment of money due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 201, *et seq.*.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because the acts complained of occurred within the State of Georgia and the jurisdiction of this Court.

## III. PARTIES

7. Plaintiff LAMAR HILL resides in College Park, Georgia (within this District) and is a citizen of the United States. Hill was employed by the Defendants as a cashier at Defendants' store located at 6103 Old National Highway, College Park, Georgia 30349. He regularly worked for Defendants within this District.

8. Defendant GEORGIA OIL, LLC is a corporation based in Georgia which conducts business within this State and maintains its principal place of business at 3377 Lawrenceville Highway, Tucker, Georgia 30084. Defendant Georgia Oil is a franchisee of BP America, Inc. and owns and operates a service station providing gasoline and other goods to the general public under the name "BP."

9. Defendant Georgia Oil, LLC, is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its designated agent, Aziz Haji at 3378 Lawrenceville Highway, Tucker, Georgia 30084.

10. Defendant BP America, Inc. is a corporation based in Houston, Texas which conducts business within this State and maintains its principal place of business at 501 Westlake Park Boulevard, Houston Texas, 77079. Defendant BP is the franchisor for Georgia Oil, LLC.

11. Defendant BP America, Inc. is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its designated agent, CT Corporation System, 289 S Culver St., Lawrenceville, GA 30046-4805.

12. Defendant Faiyaz Mitha was and is an owner and operator of Georgia Oil, LLC during the applicable statute of limitations.  Mitha was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and can be served at his business address: 3378 Lawrenceville Highway, Tucker, Georgia  30084.

13. Defendants maintain either actual or constructive control, oversight and direction over the operation of its employees, including the practices of those operations.

14. At all times material to this action, Defendants were enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203(s)(1) of the FLSA.  For example, Defendant regularly utilizes and sells a number of goods purchased through interstate commerce (including, but not limited to, gasoline) and utilizes interstate services (including, but not limited to, contracting with commercial enterprises located outside of the State of Georgia and processing credit cards from, and with, individuals and companies located outside of Georgia) in its business.

15. Plaintiff regularly participated in interstate commerce during his employment with Defendant.  For example, Plaintiff regularly assisted with the sales of gasoline and other materials manufactured outside of the State of Georgia.  Plaintiff regularly utilized interstate means of communication, such as telephones and electronic mail, during his employment with Defendant.

Plaintiff also processed monetary and credit card transactions on behalf of individuals who resided, or whose financial institutions were located, outside of the State of Georgia.

16. Upon information and belief, at all times relevant to this action, Defendants had an annual gross volume of sales which exceeded $500,000.

17. At all times material to this action, Defendants were "employers" of the named Plaintiff and/or others similarly situated, as defined by § 203(d) of the FLSA.

18. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV. VIOLATIONS OF THE FLSA

19. Plaintiff Hill worked for Defendants as a cashier from April of 2013 through August 20, 2018.

20. Throughout the last three years, Plaintiff regularly and consistently worked in excess of 40 hours per week without being paid overtime compensation. For example:

    a. During the week of May 28, 2018, Hill worked in excess of 48 hours but was only compensated for 40 hours of work. *See* "Exhibit 1," hereto.

    b. During the week of June 11, 2018, Hill worked in excess of 48 hours but was only compensated for 40 hours of work. *See* "Exhibit 2," hereto.

    c. During the week of July 9, 2018, Hill worked in excess of 48 hours but was only compensated for 40 hours of work. *See* "Exhibit 3," hereto.

    d. During the week of July 30, 2018, Hill worked in excess of 56 hours but was only compensated for 40 hours of work. *See* "Exhibit 4," hereto.

21. Mr. Hill's typical weekly schedule was 9:45 p.m. to 6:15 a.m., six or seven days a week, and Mr. Hill regularly worked in excess of 40 hours per week without any overtime compensation. Mr. Hill was paid three hundred fifty dollars ($350.00) in cash once a week. No documents were provided to Plaintiff by Defendants in association or conjunction with these cash payments.

22. Throughout the last three years, Defendants failed to properly compensate Plaintiff for overtime hours worked in violation of the FLSA.

23. Plaintiff claims that overtime wages were not properly paid to him during his employment with defendants in an amount no less than $29.484.00 (14 [hours of unpaid overtime per week] multiplied by $9.00 [Plaintiff's hourly rate] multiplied by 1.5 [Plaintiff's overtime rate] multiplied by 156 [weeks worked during the applicable statute of limitations]. Under the FLSA, this amount is doubled for liquidated damages, bringing the amount owed to Plaintiff under the FLSA to $58,968.00.

## VIII. PRAYER FOR RELIEF

    WHEREFORE, the named Plaintiff prays for the following relief:

    A. That Plaintiff be awarded damages in the amount of his unpaid compensation plus an equal amount of liquidated damages to

compensate Plaintiff for the delay in payment of regular and overtime compensation due which the Defendants unlawfully used instead as personal capital or working capital of the business;

B. That Plaintiff be awarded prejudgment interest;

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded compensatory damages;

E. That Plaintiff be awarded the costs and expenses of this action; and

F. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.[1]

Respectfully submitted this 22nd day of August, 2018.

_____
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA 31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff

---

[1] A Civil Action Cover Sheet is attached hereto as "Exhibit 5," a Certificate of Interested Persons is attached hereto as "Exhibit 6," and Summonses are attached hereto as "Exhibits 7, 8, and 9."

7